IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN SCOTT MORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-483-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Before the court is Petitioner Melvin Scott Morman's 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence imposed in 2007 under the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See United States v. Morman*,

No. 3:06-CR-175-WKW (M.D. Ala. Mar. 27, 2007) (criminal judgment).  Through

counsel, Morman filed this § 2255 motion — his first — challenging his designation

as an armed career criminal under the ACCA based upon the United States Supreme

Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Morman

argues that, under the *Johnson* decision, in which the Court held that the residual

clause of the "violent felony" definition in the ACCA is unconstitutional, he no

longer has three prior convictions that qualify as ACCA predicates.  He seeks

resentencing without application of the ACCA.  The government contends that,

notwithstanding the *Johnson* decision and in light of the Eleventh Circuit's decision in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), Morman cannot show that his ACCA-enhanced sentence turned on the validity of the residual clause. Based upon careful consideration of the briefing and the governing law, Morman's § 2255 motion is due to be denied.

## II. BACKGROUND

### A.  Morman's Criminal Case

Pursuant to a plea agreement, in August 2016, Morman pleaded guilty to the three charges in the indictment, including one charge of being an armed career criminal in possession of a firearm (count 3), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  A conviction under § 922(g)(1) normally carries a sentence of not more than ten-years' imprisonment.  18 U.S.C. § 924(a)(2).  However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for a violent felony, a serious drug offense, or both, is subject to an enhanced sentence of not less than fifteen years.  § 924(e)(1); *see also Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

In 2007, when Morman was sentenced, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the

person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) and the now-void residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

The sentencing record does not reveal which ACCA definition of "violent felony" undergirds Morman's enhanced sentence. The presentence investigation report ("PSR") specified that Morman had five predicate convictions — "Four Burglaries and Aggravated Assault" — that subjected him to an ACCA-enhanced sentence.[1] (Doc. # 9-4, ¶ 26 (PSR).) But the PSR did not delineate under which clause of the definitions of "violent felony" each prior conviction fell. In addition, the criminal history section of the PSR contained a plethora of other convictions and arrests, including two convictions for attempted first-degree assault under Alabama law (upon which the government relies in this proceeding). Neither Morman nor the

---

[1] The convictions in paragraph 26 of the PSR encompass two convictions for burglary under Alabama law, two for burglary under Georgia law, and one for aggravated assault under Georgia law. (*See, e.g.*, Doc. # 22, at 4 (citing PSR, ¶¶ 39, 41, 43).) As to the Alabama burglaries, the PSR lists one of the convictions as third-degree burglary and one simply as burglary. Because the PSR describes the offense conduct for the latter as involving an unlawful entry into a building, the parties treat the conviction as third-degree burglary under Alabama law, and, thus, the court does the same.

government objected to the PSR's classification of Morman as an armed career criminal under the ACCA.

Under the PSR, Morman's total offense level was 32, which, at sentencing, was reduced to 30. His criminal history category was VI based on the accumulation of eighteen criminal history points. These calculations yielded an advisory guideline range of 168 to 210 months' imprisonment. The parties had agreed to a sentence of 188 months' imprisonment pursuant to a written plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

At the sentencing hearing, with neither party having objected to the PSR, the district court adopted the PSR with no discussion of whether the residual clause or another clause of the ACCA's definitions of "violent felony" supported Morman's enhanced sentence on count 3. The district court then adhered to the plea agreement's agreed-upon sentence and imposed concurrent sentences of 188 months (on count 3) and 120 months (on counts one and two). Morman did not file a direct appeal of the judgment or sentence.

Eight years after the imposition of Morman's sentence, the U. S. Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.

Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. However, the Court "d[id] not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony." *Id.* at 2563 (alterations added). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

Based upon the Supreme Court's decisions in *Johnson* and *Welch*, on June 22, 2016, Morman timely filed this § 2255 motion challenging his ACCA-enhanced sentence on count 3.[2] Morman contends that he is entitled to resentencing under the *Johnson* decision because at least three of the five predicate convictions listed in paragraph 26 of the PSR — *i.e.*, the "Four Burglaries and Aggravated Assault" (Doc. # 9-4, ¶ 26) — no longer qualify as predicate convictions under the ACCA. (Doc. # 1, at 2.) Without application of the ACCA, Morman's 188-month sentence would exceed the prescribed statutory maximum of 120 months.

Responding, the government asserts that Morman still has three qualifying convictions under the ACCA's other definitions of "violent felony" and that, therefore, "his *Johnson* claim should be rejected on the merits." (Doc. # 9, at 8.) It

---

[2] Morman contends that he was sentenced as an armed career criminal under the residual clause, and, thus, he raises a timely *Johnson* claim. *See Beeman v. United States*, 871 F.3d 1215, 1220 (11th Cir. 2017) ("The extended § 2255(f)(3) limitations period for raising a *Johnson* claim expired on June 26, 2016, the one-year anniversary of the *Johnson* decision."). The government concedes that Morman's *Johnson* claim is timely.

argues, first, that two of the burglary convictions in paragraph 26 of the PSR arise under Georgia law and qualified as violent felonies under the enumerated-offenses clause. It argues, second, that this court is not limited to considering the convictions in paragraph 26 of the PSR and that Morman's two 1990 Alabama convictions for attempted assault also qualify as violent felonies under the ACCA's elements clause. The government acknowledges, however, that the PSR does not contain information about the offense conduct underlying the attempted-assault convictions. (*See* Doc. # 9-4, at ¶¶ 38, 42 (PSR) (noting for each of the two attempted first-degree assault convictions that "[n]o further details [are] available").) To supply the missing facts and citing *Shepard v. United States*, 544 U.S. 13, 25 (2005), the government has submitted state-court documents pertaining to these offenses. (*See* Doc. # 9-7.)

Morman replies that the government's reliance on alleged *Shepard* documents to fill the factual gap in the PSR comes too late. He contends that this court cannot consider these documents because they were not before the sentencing court and because the two attempted assault convictions were "not identified [as qualifying ACCA predicate felonies] in Mr. Morman's PSR." (Doc. # 15, at ¶ 5.) He also argues that the government should not be afforded an evidentiary hearing in order to cure the "defects in those convictions." (Doc. # 15, at ¶ 5.)

**B.**   **The Eleventh Circuit's Intervening Decision in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017)**

After the parties filed their briefing in this case, the Eleventh Circuit decided *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). The divided panel in *Beeman* resolved an intra-circuit conflict on a *Johnson* movant's burden in a § 2255 proceeding. *See id.* at 1222 n.3 (noting the divergent positions of two panel published decisions but categorizing the conflicting discussions as dicta). The conflict arose in the wake of a wave of applications from inmates seeking authorization to file second or successive § 2255 motions after the U.S. Supreme Court decided *Johnson* and *Welch*. *See In re Clayton*, 829 F.3d 1254, 1274 (11th Cir. 2016) (Jill Pryor, J., concurring in result) ("We have received over 1,800 requests for authorization to file a second or successive § 2255 motion since *Welch* was decided." (citing *Welch*, 136 S. Ct. at 1257)).

In *Beeman*, which, as here, was decided in the first-§ 2255 motion context, the Eleventh Circuit held that a § 2255 movant bears the burden of proving a *Johnson* claim:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses

clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

871 F.3d at 1221 (internal footnote and citation omitted). Because the "burden of proof and persuasion" was "critical" to its decision, the Eleventh Circuit elaborated that, "[t]o prove a *Johnson* claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1221–22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222. The Eleventh Circuit also emphasized that the movant must prove a "historical fact" — namely, that at the time of sentencing, the defendant was "sentenced solely per the residual clause." *Id.* at 1224 n.5. "[A] sentencing court's decision today" that a prior offense no longer qualifies as a violent felony under the elements cause or enumerated-offenses clause "would be a decision that casts very little light, if any, on the key question of historical fact." *Id.* However, "if the law was clear at the time of sentencing that *only* the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Id.* (emphasis added). Hence, it is the state of the law at the time of sentencing that

principally guides consideration of whether the § 2255 movant was sentenced under the residual clause.[3]  *Id.*

After the Eleventh Circuit decided *Beeman*, the court directed the parties to file briefs addressing two issues:  (1) *Beeman*'s impact on this case; and (2) whether the court can consider *Shepard*-approved documents introduced for the first time in a § 2255 proceeding to determine if a prior conviction "could have qualified" as an ACCA predicate conviction under the ACCA's elements or enumerated-offenses clauses.  *Beeman*, 871 F.3d at 1221.  The parties have complied.

The government's arguments take several twists and turns.  The government contends that Morman loses under *Beeman*'s two-pronged inquiry because he cannot show that "it 'is more likely than not' that the Court traveled solely under the residual clause."  (Doc. # 21, at 9 (citing *Beeman*, 871 F.3d at 1222).)  As to the first *Beeman* prong, it argues that there is a "complete absence of any evidence . . . that the Court, if it classified the Alabama third-degree burglary convictions as violent felonies at

---

[3] The Eleventh Circuit has withheld the issuance of the mandate in *Beeman*.  The Eleventh Circuit's internal operation procedures permit this practice where a party files a petition for rehearing en banc and a judge on the Eleventh Circuit requests the clerk to withhold the mandate.  *See* 11th Cir. R. 35, IOP 3.  Regardless, *Beeman* remains a binding decision that this court must follow.  *See Brooks v. United States*, 723 F. App'x 703, 707 (11th Cir. 2018) (recognizing that, "[a]lthough the *Beeman* mandate has not issued, it is binding in this circuit" (citing *Beeman*, 871 F.3d at 1215)); *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) ("The stay [of the mandate] in no way affects the duty of this panel and the courts in this circuit to apply now the precedent established by *Johnson* [*v. Singletary*, 938 F.2d 1166, 1183 (11th Cir. 1991) (en banc)] as binding authority.); *see also* 11th Cir. R. 36–3, IOP 2 (providing that, "[u]nder the law of this circuit, published opinions are binding precedent.  The issuance or non-issuance of the mandate does not affect this result.").

all, it did so pursuant to only the residual clause."[4]  (Doc. # 21, at 9 (citing Eleventh Circuit decisions).)  Similarly, the government points out that "there is no suggestion that the Court used the residual clause to make the Georgia burglary convictions ACCA predicates."  (Doc. # 21, at 9.)

As to the second *Beeman* prong, the government contends that Morman cannot show that he does not have three convictions that "could have qualified" as ACCA predicate offenses under clauses other than the now-voided residual clause. *Beeman*, 871 F.3d at 1221.  In making this argument, the government abandons its prior reliance on one of Morman's two 1990 Alabama attempted-assault convictions (*i.e.*, the 1990 Blount County attempted-assault conviction) as an ACCA predicate offense.  It "concedes that the state court documents it provided in relation to that conviction are not permissible documents pursuant to *Shepard*."  (Doc. # 21, at 11.) But the government maintains that the remaining documents are *Shepard*-approved and that they prove that the other attempted assault conviction (*i.e.*, the 1990 Jefferson County attempted-assault conviction) is an ACCA predicate conviction. At the same time, the government recognizes that *Beeman* did not address whether *Shepard* documents can be introduced for the first time in a § 2255 proceeding to

_____

[4] In its original briefing filed prior to the Eleventh Circuit's decision in *Beeman*, the government did not rely on Morman's Alabama burglary convictions, but instead focused on other of his prior convictions to argue that Morman had at least three ACCA predicate convictions.  (*See* Doc. # 9, at 14.)  *Beeman* has provided grounds for the argument the government now raises.

prove a predicate conviction under the ACCA. The government points out, however, that, post-*Johnson*, district courts routinely have considered state-court documents to determine whether, without the residual clause, a defendant has three or more ACCA predicate convictions. (Doc. # 21, at 11–13 (collecting cases).) It also argues that precluding the introduction of such documents would penalize the government for its failure to predict that a future Supreme Court ruling would invalidate the ACCA's residual clause. (Doc. # 21, at 13.)

Not surprisingly, Morman urges a different outcome. First, he contends that, at the time of his sentencing, his two prior Alabama third-degree burglary convictions "only qualified as 'violent felonies' under the now-void residual clause." (Doc. # 22, at 8.) Morman contends that, in 2007, the Eleventh Circuit had categorized Florida's burglary statute as a violent felony under the residual clause and that these decisions present a proper analogy to Alabama's third-degree burglary statute. (Doc. # 22, at 9 (citing *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006), and *United States v. James*, 430 F.3d 1150, 1152 (11th Cir. 2005).) Second, Morman argues that, as "a matter of historical fact," this court should look only to the prior convictions upon which the sentencing court *actually* relied to find that Morman was an armed career offender. He argues that the government should not be permitted to create "new historical facts" with *Shepard* documents "it could have, but did not, submit at the original sentencing hearing." (Doc. # 22, at 15.)

Morman contends that the only appropriate remedy is to grant the § 2255 motion and schedule a *de novo* resentencing hearing.

## III. DISCUSSION

Morman's § 2255 motion collapses under the weight of the Eleventh Circuit's decision in *Beeman*. On the silent sentencing record, Morman cannot show under *Beeman*'s two-pronged inquiry that his ACCA "sentence enhancement turned on the validity of the residual clause." *Beeman*, 871 F.3d at 1221 (internal quotation marks and alterations omitted).

## A.   Morman's Prior Convictions

It is helpful to preface the analysis by identifying which of Morman's prior convictions are not in dispute, either as qualifying or non-qualifying ACCA predicate convictions. The following chart lists the pertinent convictions in Morman's past.

|     | Date of Conviction | Charge | Case No. | Court | PSR |
| --- | --- | --- | --- | --- | --- |
| (1) | 01/30/90 | Attempted Assault | No. CC-90-136 | Circuit Court of Blount County, Alabama | ¶ 38 |
| (2) | 01/31/90 | Burglary 3rd Degree | No. CC-90-135 | Circuit Court of Blount County, Alabama | ¶ 39 |
| (3) | 02/02/90 | Burglary 3rd Degree | No. CC-90-133 | Circuit Court of Blount County, Alabama | ¶ 41 |
| (4) | 09/27/90 | Attempted Assault | No. DC-90-7161 | District Court of Jefferson County, Alabama | ¶ 42 |
| (5) | 04/01/94 | Aggravated Assault | No. 94-R-40 | Superior Court of Heard County, Georgia | ¶ 43 |

| (6) | 04/01/94 | Burglary of a Dwelling | No. 94-R-40 (Count 1) | Superior Court of Heard County, Georgia | ¶ 43 |
| (7) | 04/01/94 | Burglary of a Dwelling | No. 94-R-40 (Count 2) | Superior Court of Heard County, Georgia | ¶ 43 |

First, the government concedes that one of the two Georgia burglaries in (6) and (7) resulted in the aggravated-assault conviction, (5), and that, therefore, one of the burglary convictions and the aggravated-assault conviction were not "committed on occasions different from one another," as required by § 924(e)(1). Hence, either a burglary conviction or the aggravated-assault conviction, but not both, could have served as a predicate offense under the ACCA at the time of Morman's sentencing. In light of that concession, the government relies on the two Georgia burglary convictions in (6) and (7) for purposes of tallying ACCA predicate offenses. (Doc. # 9, at 16.) The government also disavows reliance on the 1990 Blount County attempted-assault conviction, (1), "conced[ing] that the state court documents it provided in relation to that conviction are not permissible documents pursuant to *Shepard*." (Doc. # 21, at 11.) Collectively, this takes the convictions listed in (1) and (5) out of contention as ACCA predicates.

Second, there appears to be no disagreement that two of Morman's prior convictions qualify as ACCA predicate convictions. The government contends — and Morman has not argued otherwise — that, under Eleventh Circuit authority, Morman's two 1994 Georgia burglary convictions, (6) and (7), qualified as violent felonies under the ACCA's enumerated-offenses clause at the time of sentencing.

13

(*See* Doc. # 9, at 16 (citing *United States v. Adams*, 91 F.3d 114, 116 (11th Cir. 1996) (per curiam) (holding that the defendant's prior convictions under Georgia's non-generic burglary statute resulted from generic burglaries and, thus, constituted burglaries under § 924(e)); *see also* Doc. # 9-4 (PSR ¶ 43)).)  This means the convictions listed on the chart as (6) and (7) are ACCA-predicate offenses.

Based on the foregoing, there is no dispute that, at the time of his sentencing, Morman had two prior convictions that qualified as ACCA predicates (namely, the two Georgia burglary convictions).  But the ACCA required one more to sustain the mandatory minimum sentence of fifteen years.  The parties dispute whether, in 2007, the following three prior convictions qualified as ACCA predicate offenses:  The two Alabama convictions for third-degree burglary, (2) and (3), and the 1990 Jefferson County attempted-assault conviction, (4).

## B.  *Beeman's* **first prong**

As to his two prior Alabama third-degree burglary convictions and two Georgia burglary convictions, Morman cannot show that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*)" to qualify these convictions as violent felonies under the ACCA.  *Beeman*, 871 F.3d at 1221.

### 1.  *Morman's Alabama third-degree burglary convictions*

Morman argues that he prevails on his § 2255 motion because, at the time of his sentencing in 2007, his two prior Alabama convictions for third-degree burglary "only qualified as 'violent felonies' under the now-void residual clause." (Doc. # 22, at 8.)  He seeks to prove his point by process of elimination.

First, Morman argues that, in 2007, it was clear that Alabama third-degree burglary was not a violent felony under the ACCA's elements clause.  It "did not — and has never — involve(d) 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"  (Doc. # 22, at 9–10 (citing § 924(e)(2)(B)(i)).)  The government offers no rebuttal as to this premise.

Second, Morman contends that the sentencing court could not have found that his Alabama third-degree burglary convictions qualified as violent felonies under the ACCA's enumerated-offenses clause.  That is because, according to Morman, there are no facts in the sentencing record (such as in the PSR) that reveal whether Morman "was convicted of the essential elements of a generic burglary." (Doc. # 22, at 11; *see also* Doc. # 22, at 10–11 (citing *United States v. Dowd*, 451 F.3d 1244, 155 n.12 (11th Cir. 2006), for the position that, in 2007, the "sentencing court might have applied the modified categorical approach — regardless of [] whether the statute was divisible — to assess whether Mr. Morman was actually found guilty of the essential elements of a generic burglary").)

Third, Morman relies upon *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006), and *United States v. James*, 430 F.3d 1150, 1152 (11th Cir. 2005), *aff'd*, 550 U.S. 192 (2007), to argue that "the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." 871 F.3d at 1224 n.5. This is a scenario that the *Beeman* court said "would strongly point to a sentencing per the residual clause." 871 F.3d at 1224 n.5. In *Matthews*, the court held that a third-degree burglary conviction under Florida law counted as an ACCA predicate under the residual clause. *See* 466 F.3d at 1275.[5] In *James*, the court reached the same conclusion as to a conviction for attempted third-degree burglary under Florida law. *James*, 430 F.3d at 1157. Morman argues that, even though "*Matthews* and *James* involved Florida law, there is no aspect of Alabama's burglary statute that would have taken it outside the holding of *Matthews* at the time of sentencing." (Doc. # 22, at 9.) Hence, Morman contends that, based on the Eleventh Circuit's decisions in *Matthews* and *James*, the sentencing court must have relied upon the now forbidden residual clause to enhance his sentence under the ACCA.

---

[5] The Eleventh Circuit's residual-clause holdings in *Matthews* and *James* are, of course, no longer good law under the *Johnson* decision. But, to reiterate, the court presently is concerned with the historical facts, namely, whether, in 2007, Morman was sentenced solely under the residual clause. *See Beeman*, 871 F.3d at 1224 n.5 ("What we must determine is a historical fact: was Beeman in 2009 sentenced solely per the residual clause?").

Morman's process of elimination fails to carry his burden. The court accepts, without deciding, Morman's first premise that, in 2007, a conviction for third-degree burglary did not qualify as a violent felony under the ACCA's elements clause. Morman's arguments falter, however, on his second and third points.

As to the enumerated-offenses clause, there was authority in 2007 demonstrating that the sentencing court could have relied on the enumerated-offenses clause to find that Morman's Alabama third-degree burglary conviction was a violent felony under the ACCA. *See United States v. Moody*, 216 F. App'x 952 (11th Cir. 2007). In *Moody*, the panel held that the version of section 13A-7-7 of the Alabama Code in effect in 1982 (which is the same version that was in effect in 1990), "unambiguously include[d] the elements of 'generic burglary.'" *Id.* at 953. It thus held that under a categorical approach — which looks only to the "fact of conviction and the statutory definition of the prior offense," *Taylor*, 495 U.S. at 602 — a conviction under section 13A-7-7 is "burglary" within the meaning of the enumerated-offenses clause of the ACCA. The court's decision in *Moody*, although not a binding one, shows that a sentencing court could have found that an Alabama third-degree burglary conviction qualified as a violent felony under the enumerated-offenses clause based upon a categorical approach. Hence, contrary to Morman's argument, the case law was not "clear at the time of sentencing that only the residual clause [and not also the enumerated-offenses clause] would authorize a finding that

the prior conviction was a violent felony."[6]  *Beeman*, 871 F.3d at 1224 n.5 (alterations added).

Finally, even if this court were to accept Morman's premise that Florida's third-degree burglary law is analogous to Alabama's, *Matthews* does not "make obvious, that a violation of [section 13A-7-7 of the Alabama Code] qualified as a violent felony *only under the residual clause*." *Id.* at 1224 (alterations added). In *Matthews*, the Eleventh Circuit did not rule out that, on a different sentencing record — under a modified categorical approach — the conduct underlying a Florida third-degree burglary conviction might qualify it as a violent felony under the ACCA's

---

[6] The court recognizes that, if Morman were sentenced today, his Alabama third-degree burglary convictions would not count as ACCA predicate offenses under the enumerated-offenses clause. *See United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014) (holding that a conviction under Alabama's third-degree burglary statute "cannot qualify as generic burglary under the ACCA" and, thus, is not a predicate offense under the ACCA's enumerated-offenses clause). But he cannot take advantage of existing precedent because such a claim would be untimely under *Descamps v. United States*, 570 U.S. 254 (2013). It is true that, in *Mays v. United States*, 817 F.3d 728 (11th Cir. 2016), the Eleventh Circuit held that *Descamps* applied retroactively to the petitioner's first habeas petition and that, under *Descamps*, a third-degree burglary conviction in Alabama was not a qualifying violent felony under the ACCA's enumerated-offenses clause. *Mays*, 817 F.3d at 733–34. This is Morman's first petition, but Morman has never contended that he is raising a *Descamps* claim. *See Beeman*, 871 F.3d at 1220 (explaining that a *Descamps* claim is different than a *Johnson* claim in that "a *Descamps* claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause"); *see also* Doc. # 1, at ¶ 13 (prefacing that he is bringing a timely *Johnson* claim).) However, as the government correctly points out (Doc. # 21, at 10), under *Beeman*'s principles, a *Descamps* claim would be untimely because *Descamps* did not create a newly recognized right triggering the one-year period under § 2255(f)(3). Because Morman's judgment of conviction became final in 2007, the one-year statute of limitations under § 2255(f)(1) for bringing a *Descamps* claim expired in 2008. *See* 871 F.3d at 1219 ("[A] § 2255 movant wishing to raise a *Descamps* claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period. Instead, he must file his motion within one year of one of the other triggering dates set out in § 2255(f)").

enumerated-offenses clause. *See Matthews*, 466 F.3d at 1274; *see also id.* at 1276 ("Given our holding that burglary of the curtilage of a structure (as defined by Florida law) 'otherwise involves conduct that presents a serious potential risk of physical injury to another' [under the residual clause], we need not express an opinion on whether the offenses in question here are 'generic burglaries' [under the enumerated-offenses clause] as discussed in *Taylor*" (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Hence, *Matthews* cannot establish that the "law was clear at the time of sentencing that *only* the residual clause would authorize a finding that the [Florida burglary conviction] was a violent felony." *Beeman*, 871 F.3d at 1224 n.5 (emphasis added).

The Eleventh Circuit's decision in *Perez v. United States*, No. 16-17751, 2018 WL 1750555 (11th Cir. Apr. 12, 2018), confirms this conclusion. In *Perez*, the Eleventh Circuit explained that its decision in *Matthews* could not sustain the § 2255 petitioner's burden under *Beeman* because, in *Matthews*, the court "did not address whether that same offense, categorically or otherwise, qualified under the enumerated clause." *Id.* at *4 (citing *Matthews*, 466 F.3d at 1275–76; *Beeman*, 871 F.3d at 1225). If the *Matthews* decision, which addressed the identical Florida burglary conviction at issue in *Perez*, could not sustain the petitioner's burden to show that he was sentenced solely under the residual clause, it cannot sustain Morman's burden. The Eleventh Circuit's decisions in *Matthews* and *James* do not

make it clear that, in 2007, Morman's Alabama third-degree burglary convictions qualified as violent felonies under only the residual clause.

In sum, Morman cannot show that the sentencing court relied solely on the residual clause when it adopted the PSR's finding that the Alabama burglary convictions were ACCA predicate convictions.

### 2. *Two Georgia burglary convictions*

As discussed earlier in this opinion, Morman did not counter the government's argument that, under Eleventh Circuit authority, Morman's two 1994 Georgia burglary convictions, (6) and (7) on the chart, qualified as ACCA violent felonies under the enumerated-offenses clause at the time of Morman's sentencing. (*See* Doc. # 9, at 16 (citing *Adams*, 91 F.3d at 116).) Moreover, based on the Eleventh Circuit's decision in *Adams*, which predated Morman's sentencing, the sentencing court might have categorized Morman's Georgia burglary convictions as ACCA predicate offenses under a clause other than the residual clause. This means that Morman cannot show that the sentencing court relied solely on the residual clause when it adopted the PSR's finding that the Georgia burglary convictions were ACCA predicate offenses.

### 3. *Summary of* **Beeman**'s first prong

There is no indication in the record as to how the sentencing court categorized the ACCA-qualifying predicate convictions. As to the two Alabama third-degree

burglary convictions, based on the Eleventh Circuit's decisions in *Matthews* and *James*, it is possible that the sentencing court relied on the residual clause. *See Matthews*, 466 F.3d at 1273; *James*, 430 F.3d at 1152. It also is possible that it did not, given the Eleventh Circuit's decision in *Moody*. *See Moody*, 216 F. App'x at 953. As to the Georgia burglary convictions, it is also possible, based upon the Eleventh Circuit's decision in *Adams*, that the sentencing court relied on the enumerated-offenses clause, and not the residual clause, in classifying these convictions as ACCA predicate offenses. *See Adams*, 91 F.3d at 116. A movant cannot sustain his burden under *Johnson* by demonstrating that it is "merely possible that the court relied on [the residual clause] to enhance the sentence." *Beeman*, 871 F.3d at 1221. Here, the record is unclear, and "'where . . . the evidence does not clearly explain what happened[,] . . . the party with the burden loses.'" *Id.* at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)). That party is Morman.

The two Alabama third-degree burglary convictions plus the two 1994 Georgia burglary convictions add up to four violent felonies under the ACCA. And, as to these four convictions, Morman has not shown "that his sentence enhancement turned on the validity of the residual clause." *Beeman*, 871 F.3d at 1221 (internal quotation marks and alterations omitted). Hence, Morman's § 2255 motion is due to be denied.

**B.** *Beeman*'s second prong

In *Beeman*, the Eleventh Circuit did not reach the second prong. The decision resolved on Beeman's failure under the first prong to show that the sentencing court relied exclusively on the use of the residual clause. *Beeman*, 871 F.3d at 1221. Moreover, Beeman had only three prior convictions at the time of his offense; hence, *Beeman*'s demonstration as to the first prong necessarily would have satisfied the second prong.

It also is not necessary for this court to address *Beeman*'s second prong. The parties' arguments as to the second prong focus on whether Morman's 1990 Jefferson County attempted-assault conviction "could have qualified" as a predicate offense under the ACCA. *Beeman*, 871 F.3d at 1221. Resolution of this issue turns on whether a habeas court reviewing a first § 2255 petition can consider prior convictions that the sentencing court did not in deciding whether a prior conviction could have qualified as a predicate offense under the ACCA and whether, in making that determination, the habeas court can use *Shepard* documents that were not part of the sentencing record. Because Morman cannot satisfy *Beeman*'s first prong as to four of his ACCA predicate convictions, the court declines to decide the thornier issue of whether the 1990 Jefferson County attempted-assault conviction could have qualified as an ACCA violent felony under the elements clause.

## C. Morman's Request for an Evidentiary Hearing

Morman requests an evidentiary hearing only if this court disagrees with his position that he was sentenced solely under the residual clause. (Doc. # 22, at 11.) A § 2255 movant is not entitled to an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). Morman has not shown that the record is inadequate to conclusively show that, under *Beeman*, he is entitled to no relief. The denial of Morman's § 2255 motion turns on purely legal issues and does not warrant a hearing.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Petitioner Melvin Scott Morman's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. # 1) is DENIED.

It is further ORDERED that Morman's request for an evidentiary hearing is DENIED.

It is further ORDERED that, because Morman's § 2255 motion does not demonstrate "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

A final judgment will be entered separately.

DONE this 24th day of July, 2018.

_____ /s/ W. Keith Watkins _____
CHIEF UNITED STATES DISTRICT JUDGE
